Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, March 31, 2009 2:59:56 PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BYRON H. WEBB and | ) | Case No. 08-bk-743 |
| JACQUELINE C. WEBB, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |
| JOHN NGO and SUZANNE NGO, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 08-ap-65 |
| | ) | |
| JACQUELINE C. WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

John and Susan Ngo move for summary judgment on their complaint to except a $818,763 judgment from the bankruptcy discharge of Jacqueline Webb (the "Debtor") pursuant to 11 U.S.C. §§ 523(a)(2)(A) (excepting debts from discharge incurred as a result of fraud) and 523(a)(6) (excepting debts from discharge incurred as a result of willful and malicious injury). The Ngos obtained their judgment by default in California, and they argue that the *res judicata* effect of their default judgment requires that the court grant their motion for summary judgment.

The Debtor also moves for summary judgment on the basis that the California court denied the Ngos' request for punitive damages and prejudgment interest. Thus, in the Debtor's view, denial of punitive damages and prejudgment interest means that the California court determined that the Ngos failed to demonstrate willful and malicious injury and fraud, and, therefore, the Ngos are now

1

precluded from re-litigating those issues in this court.

For the reasons stated herein, the court will deny both motions for summary judgment.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

In December 2004, the Ngos entered an agreement with the Debtor in California to make a series of short-term loans to the Debtor. The Ngos funded the loans by borrowing $562,500 secured by their residence and an additional $25,000 through a cash advance on their MBNA credit card. The Debtor agreed to repay the full amount of the loan within 18 months, and in the interim, maintain the monthly payments to the Ngos' lenders. The Debtor defaulted on her payments to the Ngos and their lenders. In turn, the Ngos defaulted on the loan secured by their residence. To stop foreclosure, the Ngos borrowed money from relatives and cured $44,800 in arrearages. Thus, the

Ngos' state-court complaint sought $632,300 in damages for breach of contract. The Ngos' complaint also alleged that the Debtor used the Ngos' personal information to make unauthorized transfers from their credit card accounts in the total amount of $66,003. In addition to breach of contract, the Ngos alleged causes of action for money had and received, fraud, conversion, and intentional infliction of emotional distress, and that the Debtor's actions "were intentional, malicious, despicable and done with the intent to injure Plaintiffs…and by reason of [the intentional torts] the Plaintiffs are entitled to an award of punitive and exemplary damages."

The Debtor failed to answer the Ngos' California complaint and, after a default hearing before the trial judge, they obtained a judgment by default in Orange County, California. The judgment awarded $808,303 in damages, $10,000 in attorney fees, and $460 in costs, but provided that the Ngos had not supported their request for punitive damages and prejudgment interest.

Before the Ngos could domesticate their judgment in West Virginia, the Debtor filed her Chapter 7 bankruptcy petition.

### III. DISCUSSION

The cross motions for summary judgment in this case turn upon the extent of preclusive effect, if any, that should be given to the default judgment that was acquired by the Ngos in their litigation against the Debtor in California. Both parties rely on the default judgment's preclusive effect in their respective motions.

Section 1738 of title 28 provides that state judicial proceedings "shall have the same full faith and credit, in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." Thus, the full faith and credit statute requires a "federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005). The full faith and credit statute applies to bankruptcy courts rendering exception to discharge determinations under 11 U.S.C. § 523. *E.g., Heckert v. Dotson (*In re *Heckert)*, 272 F.3d 253, 260 (4th Cir. 2001) (no exception to full faith and credit statute for § 523 actions); *Meindle, et al. v. Genesys Pacific Technologies, Inc. (In re Genesys Data Technologies, Inc.)*, 245 F.3d 312, 314 (4th Cir. 2001).

The default judgment in this case was taken from the Superior Court of Orange County, California. Therefore, the full faith and credit statute requires this court to apply California

3

preclusion law to that judgment in the context of this § 523 action.

The doctrine of *res judicata* governs the preclusive effect of former judgments. *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002). As described by California courts, "res judicata has a double aspect": claim preclusion prevents re-litigation of the same cause of action in a second suit between the same parties, whereas issue preclusion prevents re-litigation of issues that the parties actually argued and that were necessarily decided in prior proceedings, even if the issues arise in litigation over a different cause of action. *Vandenberg v. The Superior Court of Sacremento County, et al.*, 982 P.2d 229, 236 (Cal. 1999); *Bernhard v. Bank of America National Trust & Savings Ass'n*, 122 P.2d 892, 893 (Cal. 1942).[1]

State-court judgments do not have claim preclusive effects in the context of a § 523 action. Under *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979) and *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 23 (4th Cir. 1997), "the correct preclusion principle in [a § 523] case is collateral estoppel, and not res judicata," because a § 523 action cannot be the same cause as an underlying state-court cause of action. *See Grogan v. Garner*, 498 U.S. 279 (1991) (clarifying that footnote 10 in *Brown v. Felsen* was correct to suggest that issue preclusion applies in § 523 actions). Thus, only issue preclusion is applicable in this case. Accordingly, the court will consider the cross motions for summary judgment against the backdrop of California's issue preclusion doctrine and its application to the instant dischargeability action.

## A. California's Issue Preclusion Doctrine

California's doctrine of issue preclusion prevents re-litigation of the specific issues argued and decided in an earlier proceeding, even where the second proceeding is held on a separate cause of action. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). For issue preclusion to apply, the court must determine whether (1) an issue raised in the present action is identical to the issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits (3) between identical parties; (4) the issue was actually litigated in the previous proceeding; and (5) the issue "necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated." *People v. Carter*, 117 P.3d 544, 562 (Cal. 2005); *People v. Barragan*, 83

---

[1] California uses the term *res judicata* to refer to claim preclusion and the term collateral estoppel to refer to issue preclusion. *Mycogen Corp.* at 301 n.7. For the sake of clarity, the court will use the modern terms of claim preclusion and issue preclusion.

4

P.3d 480, 492 (Cal. 2004). Here, there is no dispute as to whether the default judgment was final and on the merits. Under California law, a default judgment is final as to all issues raised in the complaint. *Maddux v. County Bank of San Luis Obispo*, 62 P. 264, 265 (Cal. 1900). Likewise, there is no dispute as to whether the parties to this bankruptcy adversary proceeding are identical to those in the state-court litigation. Therefore, the second and third elements of issue preclusion have been established. The court now turns to an examination of the remaining elements of issue preclusion.

### 1. Identity of Issues

Under the first element of issue preclusion, the court must determine whether the issues essential to the discharge exceptions under § 523(a)(2)(A) or (a)(6) are identical to any issue raised in the Ngos' state-court complaint.

An exception to discharge under § 523(a)(2)(A) for actual fraud requires proof of the following elements:

> (1) that the debtor made a fraudulent misrepresentation;
> (2) that the debtor's conduct was with the intention and purpose of deceiving or defrauding the creditor;
> (3) that the creditor relied on the debtor's representations or other fraud; and
> (4) that the creditor sustained loss and damage as a proximate result of the representations of fraud.

*Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998 (4th Cir. 2005); 4 *Collier on Bankruptcy* ¶ 523.08[1][e] (15th ed. rev. 2008).

The Ngos' complaint in state court contains a cause of action titled, "Fourth Cause of Action…for Fraud and Deceit" ("Count Four"). Therein, the Ngos allege: (1) that the Debtor "fraudulently represented to the Plaintiffs … that in order to secure funds for the loan, [the Debtor] would require … social security numbers and account information;" (2) that the Debtor knew the representations were false; (3) that the Debtor concealed their "secret intent" to misappropriate funds from the Ngos' credit card accounts; (4) that the Ngos were induced by the familial relationship with the Debtor and relative expertise of the Debtor and could not have reasonably have known the Debtor's secret intentions; and (5) that the Ngos' credit card funds were misappropriated by the Debtor's actual fraud. The Ngos' allegations are identical to the set of facts required to prove actual fraud for purposes of § 523(a)(2)(A). Therefore, the identity of issues requirement for issue preclusion is met with regard to the action under § 523(a)(2)(A).

5

In addition to § 523(a)(2)(A), the Ngos also assert grounds for an exception to discharge under § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Willful and malicious injury for purposes of § 523(a)(6) requires that an act be "done with *the actual intent to cause injury*." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006) (emphasis in original) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 60 (1998)). The Ngos' state-court complaint contains a cause of action titled, "Second Cause of Action … for Conversion" ("Count Two"). Count Two alleges that the Debtor's acts were "intentional, malicious, despicable, and done with the intent to injure Plaintiffs," which presented the state court with the issue of whether the Debtor's conduct was directed at the Ngos for the purpose of causing harm. The issue presented by the Ngos' allegations in state court is exactly the issue at stake in their action under § 523(a)(6). Therefore, the identity of issues requirement for issue preclusion also is met with regard to the action under § 523(a)(6).

As will be seen, the fourth and fifth elements of issue preclusion–those requiring issues to have been "actually litigated" and "necessarily decided" in a previous proceeding–blend together with the latter being a subset of the former. "As a conceptual matter, if an issue was necessarily decided in a prior proceeding, it was actually litigated," but a matter is not necessarily decided by a judgment even though the issue may have been actually litigated. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1248 (9th Cir. 2001). The court will focus next on the interplay between these two elements of issue preclusion.

### 2. The "Actually Litigated" Requirement as Applied to Default Judgments

An issue decided in an earlier proceeding can be precluded from litigation in a subsequent action, only if it was actually litigated in the earlier proceeding. *People v. Carter*, 117 P.3d at 562. "An issue is actually litigated '[w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'" *Id.*

Under California law, "[a] default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment." *Williams v. Williams (In re Williams' Estate)*, 223 P.2d 248, 252 (Cal. 1950) (citations omitted). California Code of Civil Procedure § 1911 (2008) provides guidance in determining what matters were actually decided by any California judgment: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included

6

therein or necessary thereto." Thus, California courts allow a party to show the "actually litigated" requirement of issue preclusion either by showing that the judgment expressly states the issues decided therein, or by necessary implication. *Mitchell v. Jones*, 342 P.2d 503, 506 (Cal. Ct. App. 1959). As explained by the Supreme Court of California in *English v. English*, 70 P.2d 625, 627 (Cal. 1937):

> The doctrine of conclusiveness of judgments applies to a judgment by default with the same validity and force as to a judgment rendered upon a trial of issues, provided such judgment is regular and valid, and shows distinctly on what count or cause of action it was rested. *But the confession implied from the default is limited to the material issuable facts which are well pleaded in the declaration or complaint, and does not apply to issues which were not raised in the pleadings*. Nor, subject to the rule that the judgment is conclusive as to every fact necessary to uphold it, is a default judgment conclusive, in a subsequent suit on a different cause of action, against any defenses defendant may have, although the same defenses, if pleaded and proved in the former action, would have defeated plaintiff's recovery, because in the absence of a trial and hearing in the first suit, it cannot be said that such matters were adjudicated therein.

(emphasis in original). Put more succinctly, "a default judgment conclusively establishes … the truth of all material allegations contained in the complaint … and every fact necessary to uphold the default judgment; but … is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the judgment." *Four Star Electric, Inc. v. F & H Construction*, 7 Cal.App.4th 1375, 1380, 10 Cal. Rptr. 2d 1 (Cal. Ct. App. 2006) (citing *Mitchell*, 342 P.2d at 506).

Therefore, it must be determined in this case whether the Ngos' default judgment expressly or implicitly decided any issues relevant to this bankruptcy adversary proceeding. The court first turns to the express findings of the default judgment.

### i. No Express Findings Support the Ngos' Motion for Summary Judgment

Here, the Ngos' motion for summary judgment fails to show that the default judgment made an express finding of fraud or willful and malicious injury on the Debtor's part. The Ngos have submitted only the state court complaint and the default judgment form as supporting exhibits to their § 523 complaint. The Ngos' state court complaint contained five separate causes of action, but the California default judgment form does not indicate upon which facts or causes of action the default judgment is based. Thus, nothing in the record of this adversary proceeding shows that the

7

California court made an express finding that the Debtor committed fraud or acted willfully and maliciously.

### ii. No Express Findings Support the Debtor's Motion for Summary Judgment

The Debtor asserts that two hand-written notations contained in the judgment are express findings that support its motion for summary judgment. One of the notations states that "Punitive damages [are] not supported," and the other states, "not supported," next to the accounting item, "Prejudgment interest." The Debtor contends that these notations constitute express findings by the Orange County court that the Debtor did not commit actual fraud or act with willful and malicious intent on the basis that such findings are essential to the decision to disallow punitive damages and prejudgment interest. Her argument relies on the provisions of California Civil Code §§ 3288 & 3294(a). Section 3294(a) grants California courts authority to award punitive damages:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, the plaintiff, in addition to the actual damages, *may* recover damages for the sake of example and by way of punishing the defendant.

(emphasis added). Section 3288 grants California courts authority to award prejudgment interest:

> In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest *may* be given in the discretion of the jury.

(emphasis added).

The Debtor's interpretation of §§ 3288 and 3294 ignores the permissive language of the California Civil Code provisions. Sections 3288 and 3294 permit, but do not require, California courts to award prejudgment interest and punitive damages, respectively. Section 3288 expressly leaves prejudgment interest awards up to the discretion of the fact finder. Section 3294(a) requires the prevailing party to have proven fraud or malice by clear and convincing evidence for punitive damages to be granted in addition to actual damages. Even if a California court found fraud and malice by clear and convincing evidence, then § 3294 still would not require an award of punitive damages; nor would § 3288 require an award of prejudgment interest. Therefore, contrary to the Debtor's contentions, the notations on the state-court judgment form do not constitute express findings that the Debtor did not commit actual fraud, and did not act with willful and malicious intent.

8

Finding nothing in the default judgment form to constitute an express resolution of any issue relevant to this adversary proceeding, the court must determine whether the default judgment decided any issues by necessary implication that would support the parties' motions.

### 3. Debtor's "Necessarily Decided" Argument

The Debtor argues that the denial of punitive damages necessarily–if not expressly–rejected allegations of fraud or willful and malicious injury. As discussed above, under California law, a denial of punitive damages does not require a finding that the Debtor did not commit fraud or act without will or malice. Thus, the court cannot imply that the Orange County court necessarily decided fraud, will or malice by rejecting the Ngos' punitive damages request.

Likewise, the Debtor's argument with respect to the denial of prejudgment interest fails to satisfy both the "actually litigated" and "necessarily decided" elements. The Debtor errs by citing the following passage as controlling authority in interpreting § 3288

> When, by virtue of the fraud or breach of fiduciary duty of the defendant, a plaintiff has been deprived of the use of his money or property and is obliged to resort to litigation to recover it, the inclusion of interest in the award is necessary in order to make the plaintiff whole.

*Nordahl v. Department of Real Estate*, 48 Cal. App. 3d 657, 665, 121 Cal. Rptr. 794, 799 (Cal. Ct. App. 1975). At best, the quotation supplies the rationale behind granting trial courts authority to award prejudgment interest. *See Baker v. Pratt*, 176 Cal. App. 3d 370, 383, 222 Cal. Rptr. 253, 261 (Cal. Ct. App. 1986) (noting that the *Nordahl* court stated the "rationale for awarding interest … in strong terms"); *Harsany v. Cessna Aircraft Co.*, 148 Cal. App. 3d 1139, 1144, 196 Cal. Rptr. 374, 377 (Cal. Ct. App. 1983) ("*Nordahl* … stated the principle behind" § 3288). If taken literally as stating the rule of § 3288, the quotation would *require* a court to award prejudgment interest any time a trier of fact found fraud. Such an interpretation, however, renders the word "may" as superfluous. Yet, nothing in the *Nordahl* opinion alters the permissive language of California Civil Code § 3288.

Moreover, the Supreme Court of California in *King v. Southern Pacific Co.*, 41 P. 786, 787 (Cal. 1895) specifically determined that an award of prejudgment interest was discretionary under § 3288. In *King*, the court found error in a jury instruction that *required* the jury to award prejudgment interest if it found facts in favor of the plaintiff. The clear rule in *King* is mandatory authority in this case. Consequently, the Orange County court had discretion under § 3288 to deny

9

the Plaintiffs' request for prejudgment interest, even if it found sufficient facts to support an award for prejudgment interest.  Therefore, this court cannot infer, for issue preclusion purposes, that the Debtor did not commit fraud or cause injury with willfulness or malice based solely on the state court's rejection of prejudgment interest.

In sum, there still exists a question of fact as to whether the default judgment in this case decided that the Debtor caused willful and malicious injury or fraud.  Therefore, the Debtor has failed to carry her burden on summary judgment, and the court will deny her motion.

### 4. The Ngos' Motion for Summary Judgment

Turning to the Ngos' motion for summary judgment, the court must decide whether the essential elements of a § 523 cause of action were necessarily decided by the state court when it granted default judgment to them.  The default judgment makes no findings other than the amount of damages; and, as a basis for the judgment, the Ngos present their state court complaint, consisting of five separate theories for relief.  Thus, the issue is whether under the *English* case any facts in the complaint should be taken as true by admission for issue preclusion purposes based on the necessary implications of the judgment.

Several cases have decided the issue of whether a California default judgment necessarily decides of the elements of a bankruptcy discharge exception.  In the easy cases, the judgment provides express findings or is one that is based on only a single legal theory.  *E.g., O'Brien v. Appling*, 283 P.2d 289 (Cal. Ct. App. 1955) (complaint contained a cause of action for breach of contract and a one for fraud, but because plaintiff dismissed the breach of contract action, the default judgment was necessarily based on fraud); *Fitzgerald v. Herzer*, 177 P.2d 364 (Cal. Ct. App. 1947) (one action for wanton negligence); *Younie v. Gonya (In re Younie)*, 211 B.R. 367 (9th Cir. B.A.P. 1997) (judgment expressly stated that the damages were cause by debtor's fraud).  In those cases, a court's only chore is to take as true the facts essential to the count expressly decided, or the only count pled, and then determine whether those facts are sufficient to decide a § 523 action.

Here, the Ngos present a bare-bones default judgment based on a complaint asserting several distinct theories, each supported by distinct factual assertions.  As a conceptual matter, no set of facts is *sine qua non* for damages.  Without a determination as to which count formed the basis of the Ngos' judgment, it seems impossible under the rule set forth in *English* to determine which well-

pleaded facts are to be taken as true. However, *Brown v. Brown*, 147 P. 1168, 1170 (Cal. 1915) provides the general rule as to the conclusiveness of default judgments:

> Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him.

Thus, one possible reading of California preclusion law would allow this court to assume the truth of all facts essential to each element on each alternative theory for relief.

Applying *Brown v. Brown* to that effect, however, is at odds with the rule stated in *Williams Estate* that default judgments are treated just as fully-litigated judgments. *See also Maddux v. County Bank of San Luis Obispo*, 62 P. at 265. In California, fully-litigated judgments based on multiple but unspecified claims are not issue preclusive on any particular claim:

> a judgment based on a general verdict, in an action wherein a determination of any one of several issues may have been the basis for that verdict, does not authorize the application of the doctrine of [issue preclusion] to such issues in a subsequent action under circumstances where … it is necessary to identify the specific issue determined in the former action.

*Stout v. Pearson*, 180 Cal. App. 2d 211, 216-17, 4 Cal. Rptr. 313, 317 (Cal. Ct. App. 1960); *accord Restatement (Second) of Judgments* § 27 cmt. i (1982) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone."). In the context of general default judgments, if *Brown v. Brown* is read to preclude re-litigation of the essential facts of every count, the court would be granting a default judgment greater issue-preclusive effect than a fully-litigated judgment, and, thus, would have to ignore the rule in *Williams Estate* that requires equal preclusive treatment of final judgments.

In a case similar to the one now before this court, the state court complaint in *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240 (9th Cir. 2001) alleged breach of contract and fraud. The plaintiff argued that issue preclusion applied in a subsequent bankruptcy discharge exception proceeding based on a default judgment that did not indicate which of the several counts the judgment decided. The district court affirmed the bankruptcy court's application of issue preclusion, deciding that the rule denying preclusion on a fully-litigated judgment on alternative grounds did

11

not apply to default judgments. However, the Ninth Circuit reversed, holding that for an issue to be necessary to a default judgment, the bankruptcy court must find that the state court could not have entered the judgment without establishing the truth of the facts essential to the issue. *Id.* at 1248. Because the state court could have entered the default judgment based on any of the plaintiff's causes of action, the Ninth Circuit concluded that the judgment was not preclusive as to the specific issue of fraud. *Id.*; *see also Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003) (following the rule in *Harmon* with a different outcome based on the default judgment award of punitive damages, which could not have been awarded without a finding that would support the discharge exception). Thus, the Ninth Circuit has resolved the tension in favor of the general rule in *Williams Estate* that default judgments have the same preclusive effect as fully litigated judgments.

Here, it cannot be said that the Orange County court could not have entered the default judgment without a finding of fraud or willful and malicious injury. In addition to fraud and willful and malicious injury, the Ngos' complaint contains causes of action for breach of contract, conversion, money had and received, and intentional infliction of emotional distress, any of which could have supported the damages awarded by default judgment, but none of which could support the discharge exceptions asserted in this action.

There still exists a genuine issue of material fact as to what was necessarily decided by the default judgment in this case. According to the Supreme Court of California, "If upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence." *Beronio v. Ventura County Lumber Co.*, 61 P. 958, 959 (Cal. 1900) (quoting *Russell v. Place*, 94 U.S. 606, 610 (1877)). Because neither the Ngos nor the Debtor have carried their burden of showing that California's issue preclusion doctrine bars further litigation over the issues essential to the Ngos' § 523 action, the court must deny both parties' motions for summary judgment.

### IV. CONCLUSION

For the reasons set forth above, the court will deny the Ngos' motion for summary judgment on the grounds that California's issue preclusion doctrine does not apply because the record does not show that the essential elements of their § 523 action were necessarily decided by the default judgment.

The court will deny the Debtor's motion for summary judgment on the grounds that she has failed to show that by denying punitive damages and prejudgment interest, the default judgment necessarily determined that the Debtor has not committed fraud or acted with willfulness or maliciousness.

The court will enter a separate order pursuant to Federal Rule of Bankruptcy Procedure 9021.